NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JARVIS JULIUS SIMS,

          Plaintiff,

          v.

HUDSON COUNTY PROSECUTOR'S
OFFICE, *et al.*,

          Defendants.

Civil Action No. 26-4100 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Jarvis Julius Sims's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1.) Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted. As the Court will grant Plaintiff *in forma pauperis* status, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

Plaintiff is a state prisoner currently confined in the Hudson County Jail. (Compl. 3, ECF No. 1.) According to his complaint, in June 2024, Defendant Joely Reyes ("Reyes"), a prosecutor with the Hudson County Prosecutor's Office, prosecuted Plaintiff on unspecified charges. (*Id.* at 5.) Plaintiff was ultimately convicted and sentenced in June 2024 to 364 days' imprisonment and

two years' probation. (*Id.*) Plaintiff remained in detention between some time in April 2024 and his release on parole in October 2024. (*Id.*) Plaintiff was thereafter indicted on a new charge based on allegations of an event that occurred before the last event that gave rise to his prior conviction. (*Id.*) Plaintiff asserts that Reyes and the Hudson County Prosecutor's Office were "grossly negligent" in obtaining an indictment for Plaintiff on these charges, and seeks to have those charges dismissed. (*Id.*) Although Plaintiff does not explain the issue in detail, it appears that Plaintiff believes that his prior period of incarceration would serve as a defense to these charges. Nothing Plaintiff has alleged, however, indicates that his prior incarceration would have made his commission of the currently charged offense impossible. (*Id.*)

## II.    LEGAL STANDARD

The Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff shall be granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

2

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.  DISCUSSION

Plaintiff seeks to assert a claim that the Hudson County Prosecutor's Office and one of its prosecutors, Defendant Joely Reyes, improperly indicted him on charges arising out of events occurring in April 2024. Although Plaintiff asserts that the prosecutors have been grossly negligent, it appears that Plaintiff is essentially asserting a malicious prosecution claim – *i.e.*, that they charged him without sufficient probable cause. Plaintiff's claims, however, remain pending at this time. A civil rights plaintiff may not assert a malicious prosecution claim under federal law

3

unless and until his criminal case concludes in his favor. *See, e.g., Allen v. N.J. State Pol.*, 974 F.3d 497, 502-03 (3d Cir. 2020) (explaining that favorable termination is a required element of a malicious prosecution claim under 42 U.S.C. § 1983); *see also Thompson v. Clark*, 596 U.S. 36 (2022) ("[T]o demonstrate a favorable termination of a criminal prosecution . . . a plaintiff [must plead] that his prosecution ended without a conviction"). Because Plaintiff has not alleged that current charges terminated in his favor and were resolved without his being convicted, he has failed to plead a plausible malicious prosecution claim. Plaintiff's complaint must therefore be dismissed for that reason.

Plaintiff's claims in this matter suffer from a further fatal flaw. Plaintiff names a county prosecutor's office and one of its prosecutors as Defendants in this matter. State prosecutors, however, are immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Because Plaintiff's claims in this matter concern solely the prosecutor's decision to initiate and pursue charges against Plaintiff through an indictment and criminal prosecution, the two Defendants named in this matter are immune from suit. Plaintiff's claims must therefore be dismissed with prejudice as both of the named Defendants in this matter are immune from suit for the claims Plaintiff seeks to raise.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.** An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated:  7/23/26